## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

**KAYLA K. JOHNSON,**

      **Plaintiff,**                             **Civil Action No.** 1:22-cv-00377

**v.**

**BRIAN R. HULTON,**
**TRUCKING INVESTMENTS INC.,**
**a Pennsylvania corporation, and**
**AETNA FREIGHT LINES, INC.,**
**an Ohio corporation,**

      **Defendants.**

## <u>NOTICE OF REMOVAL</u>

Defendants Brian R. Hulton ("Mr. Hulton"), Trucking Investments, Inc. ("Trucking Investments"), and Aetna Freight Lines, Inc. ("Aetna"), (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, by counsel, hereby remove this action from the Circuit Court of Mercer County, West Virginia, to the United States District Court for the Southern District of West Virginia, Bluefield Division, the judicial district in which this action is pending. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the action is between citizens of different states. Defendants set forth the grounds for removal as follows:

## <u>BACKGROUND</u>

1.    Plaintiff commenced the above-captioned matter by filing her Complaint in the Circuit Court of Mercer County on August 1, 2022.  *See* **Exhibit A**, Certified Docket Sheet from the Clerk of the Circuit Court of Mercer County, Civil Action No. CC-28-2022-C-124.

2.      Plaintiff served the Complaint on Mr. Hulton, Trucking Investments, and Aetna through the West Virginia Secretary of State, on August 5, 2022.[1]  *See* **Exhibit B**, a true and accurate copy of the Summons and Complaint filed by Plaintiff and served through the West Virginia Secretary of State.

3.      In the Complaint, Plaintiff seeks damages pursuant to three causes of action relating to an alleged incident which purportedly occurred on July 17, 2021, when Plaintiff was a passenger in a vehicle traveling northbound on Interstate 77, near Milepost 5, in Princeton, Mercer County, West Virginia. *See* **Ex. B** at ¶ 5.

4.      Plaintiff asserts that Defendants caused fuel to spill on the roadway, which allegedly "caused the driver [of the vehicle Plaintiff was a passenger in] to lose control of the vehicle and travel off the right side of the roadway, striking the guardrail, flipping over the guardrail, striking multiple trees, and coming to rest on its roof, over the embankment." *Id*. at ¶ 8.

## BASIS FOR REMOVAL

5.      This civil action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

6.      This civil action may be removed to this Court by these Defendants pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446 because it is a civil action between citizens of different states wherein the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

## CITIZENSHIP OF PARTIES

7.      Plaintiff is a resident and citizen of the state of North Carolina.  *See* **Ex. B** at ¶ 1.

---

[1] As discussed *infra*, by removing this action Defendants do not waive any applicable Fed. R. Civ. P. 12(b) defenses and reserve the right to assert the same in Defendants' responsive pleading.

8.     Defendant Brian R. Hulton is a resident and citizen of the state of Ohio.  *See* **Ex. B** at ¶ 2.

9.     Defendant Aetna is a corporation organized under the laws of Ohio, with its principal place of business in Pennsylvania.  *See* **Ex. B** at ¶ 3; *see also* **Exhibit C**, Pennsylvania Secretary of State Page.

10.     Defendant Trucking Investments is a corporation organized under the laws of Pennsylvania, with its principal place of business in Pennsylvania.  *See* **Ex. B** at ¶ 4; *see also* **Exhibit D**, Pennsylvania Secretary of State Page.

11.     Accordingly, complete diversity is established between Plaintiff and Defendants.

## AMOUNT IN CONTROVERSY

12.     Although Plaintiff did not specifically plead a total amount of alleged damages in the Complaint, this case may be removed because it is apparent from the facts alleged within the Complaint that Plaintiff seeks damages in excess of $75,000.00.

13.     "If there is no *ad damnum* clause with an amount over $75,000, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum."  *Scaralto v. Ferrell*, 826 F. Supp. 2d 960, 962 (S.D.W. Va. 2011) (citations omitted).

14.     The Court, in weighing removal, may consider:

> *the type and extent of the plaintiff's injuries and possible damages recoverable therefore, including punitive damages if appropriate*. The possible damages recoverable may be shown by the amounts awarded in other similar cases. Another factor for the court to consider would be the expenses or losses incurred by the plaintiff up to the date the notice of removal was filed. The defendant may also present evidence of any settlement demands made by the plaintiff prior to removal although the weight to be given such demands is a matter of dispute among courts.

*Id*. at 964 (emphasis added).

15.     "When the amount of damages a plaintiff seeks is unclear . . . the court may look to the entire record before it and make an independent evaluation as to whether or not the jurisdictional amount is in issue." *Mullins v. Harry's Mobile Homes, Inc.,* 861 F. Supp. 22, 23 (S.D.W. Va. 1994),

16.     "[A] request for punitive damages, where properly recoverable, inevitably inflates a plaintiff's potential recovery." *Bryant v. Wal-Mart Stores E., Inc.*, 117 F. Supp. 2d 555, 556 (S.D.W. Va. 2000) (citations omitted).

17.     "A good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action." *Id*. at 557 (citations omitted); *see also* 14B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3702 (3d ed. 1998) ("A long line of decisions clearly establishes the proposition that exemplary or punitive damages, when they are permitted to be awarded under the governing substantive law for the claim being asserted by the plaintiff, can be included in determining whether the jurisdictional amount in controversy requirement has been met.").

18.     "Under West Virginia law, punitive damages are recoverable in tort actions, 'where gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations affecting the rights of others appear[.]' *Smith v. Perry,* syl. pt. 1, 178 W.Va. 395, 397, 359 S.E.2d 624, 625 (1987)." *Bryant*, 117 F. Supp. 2d at 556.

19.     Punitive damages may equal "the greater of four times the amount of compensatory damages or $500,000, whichever is greater."  W. Va. Code § 55-7-29(c).

20.     The United States District Court for the Northern District of West Virginia considered the face of a plaintiff's complaint and the damages alleged by the plaintiff to find the

"amount in controversy" question satisfied. *See Vaughan v. Dixon*, 2009 WL 2913617 (N.D. W. Va. 2009).  In *Vaughan*, the complaint alleged physical injuries to various areas of her body due to a car accident involving the Defendant. *Id*. at *1.  The plaintiff also alleged emotional distress, loss of enjoyment of life, and possible permanent disability as well as medical expenses totaling $23,800, lost income exceeding $15,000, and possible future lost income and earning capacity. *Id.* However, the plaintiff's complaint contained no specific *ad damnum* amount. *Id.*  Ultimately, Judge Bailey concluded: "Thus, that Plaintiff also seeks past and future wages, specifically stating an amount for the former, makes this case even less of a close call than in *Campbell.* Therefore, this Court finds that the face of Plaintiff's Complaint satisfies the amount in controversy. However, even if the face of the Complaint fails to meet the jurisdictional limit, an independent evaluation of the remaining record satisfies the burden." *Id.* at *4.

21.     Judge Hallanan of the United States District Court for the Southern District of West Virginia dealt with a similar "amount in controversy" question in *Weddington v. Ford Motor Credit Company*, 59 F. Supp. 2d 578 (S.D. W. Va. 1999).  In that case, the plaintiff had sued an automobile financing company. *Id.* at 580.  The complaint did not contain any specific amount in the ad damnum clause. *Id.* at 581. The only firm amount in controversy that could be gleaned from the case file was $16,000.00, the value of rescission of the contract in question. *Id.* at 584. However, because the plaintiff was also requesting compensatory damages for mental anxiety, suffering, annoyance, aggravation, inconvenience and humiliation, as well as punitive damages, Judge Hallanan found that the amount in controversy would likely be above $75,000.00, the jurisdictional limit. *Id*. at 584-85 ("If in this case Plaintiffs are awarded punitive damages it is easy for the Court to fathom that the amount recovered could very well surpass the $75,000

jurisdictional requirement, especially in light of various West Virginia courts that have let stand awards of punitive damages that far exceed the compensatory damages to be recovered in a case.").

22.     In *Campbell v. Rests. First/Neighborhood Rest. Inc*., 303 F. Supp. 2d 797 (S.D. W. Va. 2004), the Court reached a similar conclusion in a personal injury case that involved less than $20,000 in medical bills. The plaintiff in that case only sought compensatory damages, not punitive damages; yet, the amount in controversy requirement was satisfied.  "Although her medical bills total just shy of $20,000, when one considers the additional elements of pain and suffering and future damages, one can easily conclude the amount in controversy is satisfied."  *Id.* at 799.

23.     As to Count I, Plaintiff seeks damages relating to alleged spilled fuel allegedly caused by the Defendants, which allegedly cause the driver of the car Plaintiff was a passenger in "to lose control of the vehicle and travel off the right side of the roadway, striking the guardrail, flipping over the guardrail, striking multiple trees, and coming to rest on its roof, over the embankment." **Ex. B** at ¶ 8. Plaintiff seeks damages regarding Defendants' alleged violation of W. Va. Code § 17-19-13, which Plaintiff alleges caused damages. *See id*. at ¶ 10.

24.     As to Count II, Plaintiff alleges that due to "negligence, carelessness, and recklessness of the Defendants . . . Plaintiff" (a) "was injured;" (b) "has incurred medical expenses and will incur additional medical expenses in the future;" (c) "has facial scarring;" (d) "has endured pain and suffering, both in the past and in the future;" (e) "has sustained an impairment of the capacity to enjoy life, both past and future;" (f) "lost wages;" and (g) "the Plaintiffs have in the past suffered annoyance, aggravation, and mental anguish and will continue to do so in the future." *Id*. at ¶ 13 (emphasis added).  As a result of these alleged "willful, wanton and reckless acts, and/or the willful and intentional failures to act of the Defendants," Plaintiff "hereby demands punitive damages." *Id*. at ¶ 14 (emphasis added).

6

25.     As to Count III, the Plaintiff asserts that "[u]pon information and belief, the Defendants potentially spoliated evidence, including the fuel tank at fault in the above crash, in an effort to defeat Plaintiffs." *Id*. at ¶ 18.  Plaintiff asserts "Defendants knew, or should have known, that the fuel tank was vital to the Plaintiffs case and the Defendants had knowledge that there would likely be a potential claim related to the crash." *Id*. Therefore, Plaintiff alleges that "[a]s a direct result, the Plaintiff is entitled to an adverse inference instruction, ***punitive damages***, and, potentially, judgment for intentional spoilation [sic] of evidence." *Id*. at ¶ 19 (emphasis added).

26.     In Plaintiff's WHEREFORE clause, Plaintiff demands judgment (a) "in such sums as will adequately compensate the Plaintiff for her injuries and claims, which said sums are far in excess of any sums necessary to confirm jurisdiction upon this Court," (b) "prejudgment and post-judgment interest," (c) "costs expended in the prosecution of this lawsuit," (d) "***punitive damages***," (e) "reasonable attorney fees," and (f) "all damages allowable under West Virginia law." *Id*. at WHEREFORE clause (emphasis added).

27.     Plaintiff alleges reckless, willful, and wanton conduct on Defendants' part, which constitutes "[a] good faith claim for punitive damages" such that it cannot "be said to a legal certainty that plaintiff cannot recover punitive damages in the action." *Bryant*, 117 F. Supp. 2d at 557.

28.     Considering the nature of Plaintiff's alleged injuries, including: (a) past and future medical bills, (b) injury, (c) facial scarring, (d) past and future pain and suffering, (e) past and future impairment of ability to enjoy life, (f) lost wages, (g) past and future annoyance, aggravation, and mental anguish, the amount in controversy could well exceed $75,000.00 when the amount of claimed damages is totaled. Moreover, Plaintiff seeks punitive damages against Defendants, which, when coupled with the compensatory damages it seeks, will far exceed the

amount in controversy requirement. Thus, an evaluation of Plaintiff's allegations and alleged damages proves by a preponderance of the evidence that the amount in controversy requirement has been met.  As such, this Court has original jurisdiction, and this matter is properly removed to federal court.

29.    Pursuant to L.R. Civ. P. 3.4, the certified docket sheet from the Circuit Court of Mercer County is attached as **Exhibit A**.

30.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, orders, and other documents served upon Defendants are attached hereto as **Exhibit B**.

31.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff and a copy is being filed with the Clerk for the Circuit Court for Mercer County, West Virginia.  The Notice of Removal to Federal Court, excluding exhibits, is attached hereto as **Exhibit E**.

32.    This Notice of Removal is filed within 30 days of the date on which the case became removable and, therefore, is timely pursuant to 28 U.S.C. § 1446(b). Indeed, this Notice of Removal is filed within 30 days of Defendants being served with the Complaint.

## <u>CONSENT TO REMOVAL</u>

33.    All Defendants consent to removal to the United States District Court for the Southern District of West Virginia, Bluefield Division. *See* Notice of Consent to Removal, attached hereto as **Exhibit F**.

## <u>NO WAIVER OF DEFENSES</u>

34.    Defendants, by removing this matter, do not waive and hereby reserve the right to assert any and all applicable defenses under Fed. R. Civ. P. 12(b). *See Corbitt v. Air Prod. & Chemicals, Inc.*, No. 6:07-CV-00200, 2007 WL 9718736, at *1 (S.D.W. Va. Aug. 31, 2007) (citing

*Freeman v. Bee Mach. Co.*, 319 U.S. 448, 451 (1943) ("Pending before the court is the defendant's motion to dismiss the plaintiff's complaint pursuant to Rule 12(b)(5) of the *Federal Rules of Civil Procedure* for insufficient service of process [Docket 4]. A party who removes an action from a state to a federal court does not thereby waive any of his Rule 12(b) defenses or objections.")); *Miller v. Norfolk S. Ry. Co.,* No. CIV.A. 2:03-0514, 2006 WL 2192033, at *4 (S.D.W. Va. Aug. 1, 2006) ("[P]laintiffs oppose the motion to dismiss noting, without support, that NSRC, by filing its notice of removal, waived any challenge it may have had to the court's subject matter jurisdiction. This argument fails inasmuch as removal was proper and NSRC has the right to assert its defenses including challenges to subject matter jurisdiction. 14C Wright Miller & Cooper, Fed. Prac. & Proc. § 3738 (3d ed.1998) ("[t]he governing principle is that the defendant does not waive any defense by removing the case to federal court.")"); *Slone v. State Auto Prop. & Cas. Ins. Co*., No. 2:19-CV-00408, 2021 WL 190938, at *11 (S.D.W. Va. Jan. 19, 2021), *motion to certify appeal denied,* No. 2:19-CV-00408, 2021 WL 687697 (S.D.W. Va. Feb. 22, 2021), and *appeal dismissed*, No. 21-1190, 2021 WL 7184361 (4th Cir. Oct. 14, 2021) (quoting *Corbitt v. Air Prods. and Chems., Inc.,* No. 6:07-cv-00200, 2007 WL 9718736, at *1 (S.D. W. Va. Aug. 31, 2007) (citing *Freeman v. Bee Mach. Co.,* 319 U.S. 448, 451 (1943)) ("As to the waiver issue, Federal Rule of Civil Procedure 12(h)(1) provides for the waiver of a Rule 12(b)(5) defense under certain circumstances, including when the defense is not raised in a motion prior to the filing of a responsive pleading or in a responsive pleading. However, as this court has observed, '[a] party who removes an action from a state to a federal court does not thereby waive any of his Rule 12(b) defenses or objections.'")).

**WHEREFORE**, based upon the foregoing, Defendants Brian R. Hulton, Trucking Investments, Inc., and Aetna Freight Lines, Inc., request that this Court assume full jurisdiction

over this matter, and that the Circuit Court of Mercer County, West Virginia proceed no further in the case.

Respectfully submitted,

**BRIAN R. HULTON,**
**TRUCKING INVESTMENTS INC., and**
**AETNA FREIGHT LINES, INC.,**

**By:  Spilman Thomas & Battle, PLLC**

*/s/ Gerald M. Titus III*
Gerald M. Titus III (WVSB # 9392)
Wesley A. Shumway (WVSB # 13689)
Spilman Thomas & Battle, PLLC
300 Kanawha Boulevard, East
P.O. Box 273
Charleston, WV 25321-0273
(304) 340-3800
(304) 340-3801 (facsimile)
gtitus@spilmanlaw.com
wshumway@spilmanlaw.com
***Counsel for Defendants***

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## BLUEFIELD DIVISION

**KAYLA K. JOHNSON,**

       **Plaintiff,**                       **Civil Action No.** 1:22-cv-00377

**v.**

**BRIAN R. HULTON,**
**TRUCKING INVESTMENTS INC.,**
**a Pennsylvania corporation, and**
**AETNA FREIGHT LINES, INC.,**
**an Ohio corporation,**

       **Defendants.**

       I, Gerald M. Titus III, counsel for Defendants, hereby certify that on this 2nd day of September, 2022, I filed this **Notice of Removal,** with the Clerk of the Court using the CM/ECF system, and that a copy of this document has been served upon the following by regular U.S. Mail:

William M. Tiano, Esquire
TIANO O'DELL, PLLC
P.O. Box 11830
Charleston, WV 25339
(304) 720-6700
wtiano@tolawfirm.com
***Counsel for Plaintiff***

                                        */s/ Gerald M. Titus III*
                                        Gerald M. Titus III (WV State Bar # 9392)